UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

-against-

REAL PROPERTY LOCATED AT 120
TERIWOOD STREET, FERN PARK, FLORIDA
32730, REAL PROPERTY LOCATED AT 115
EASTWIND STREET, FERN PARK, FLORIDA
32730, and REAL PROPERTY LOCATED AT
163 FALL WOOD STREET, FERN PARK,
FLORIDA 32730,

        Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-6101 (CBA) (RER)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2018 ★
BROOKLYN OFFICE

**AMON, United States District Judge:**

On November 14, 2016, the United States of America (the "Government") commenced this civil forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) against three parcels of real property located in Fern Park, Florida: 120 Teriwood Street, 115 Eastwind Lane, and 163 Fallwood Street (collectively, the "Properties"). (D.E. # 1 ("Complaint" or "Compl.").) On April 6, 2017, the Government moved for a default judgment pursuant to Federal Rule of Civil Procedure 55. (D.E. # 6.) This Court referred the motion to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for Report and Recommendation. (D.E. dated Apr. 10, 2017.)

Magistrate Judge Reyes recommended that the Government's motion for default judgment be denied and that the default be vacated because the Government failed to serve the complaint on the property owners in a manner that comported with any method of service prescribed by Rule 4 of the Federal Rules of Civil Procedure, or alternatively, New York or Florida law. (D.E. # 8 ("R&R") at 2–5.) After several extensions of time were granted, (D.E. ## 9–10), the Government filed timely objections to the R&R, (see D.E. # 12 ("Obj.")). The Government subsequently

1

withdrew its motion for default judgment as to the property located at 115 Eastwind Lane, (D.E. # 11), but pressed forward with its objections to the R&R as to the other two properties, (see Obj.).

The Court has conducted a de novo review of the R&R and considered the objections filed by the Government. With the exception of one non-material issue, the Court finds the analysis of the R&R to be correct and the objections of the Government to be unpersuasive.[1] Therefore, the Court adopts the R&R as the opinion of the Court. Accordingly, the Court directs the Clerk of Court to vacate the notation of default as to 120 Teriwood Street and 163 Fallwood Street until such time as the Government has effected proper service upon the property owners. The Court also grants the Government's motion to withdraw the entry of default as to 115 Eastwind Lane.

SO ORDERED.

Dated: March 27, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] The Government's objection to the R&R's discussion of personal jurisdiction is well-founded. Although not material to the outcome, the R&R erred in its discussion of jurisdiction in terms of personal jurisdiction because principles of personal jurisdiction are not implicated in this case. Instead, the Court has only in rem jurisdiction over the Properties. See United States v. Bonventre, 720 F.3d 126, 132 (2d Cir. 2013) (recognizing that civil forfeiture proceeding represents action in rem); United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala., 941 F.2d 1428, 1435 (11th Cir. 1991) ("[A] civil forfeiture action is not an action in personam against the claimant of the property; rather, it is an action in rem against the property itself[.]").

2